ANDREW WEBSTER vs. LEWIS BOURNE.

Husband and Wife—Acquiescence by Husband.

A husband, who acquiesces in the individual rights of the wife to her property, cannot afterwards, claim an interest therein so as to exclude the rightful heirs.

Same.

Nor would the creditors of the husband have a right to a better claim than the husband.

APPEAL FROM OWEN CIRCUIT COURT.

July 1, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

William Smithers died testate, leaving his farm, slaves and personalty to his widow during her life or widowhood; she continued to live upon the farm and control the property some ten years, when desiring and intending soon again to marry, she caused a letter to be written to her son-in-law, then residing in Missouri, who was an executor of her deceased husband's will, and whose wife was a legatee, to come and take possession of the farm and property. Before his arrival she had intermarried with appellant and was still residing on the farm; she thus became reluctant to leave the old homestead and was even moved to tears at the idea of leaving it and the property by which she had so long been surrounded, when it was agreed that she should still be left in the undisturbed enjoyment of all, when at her death it should all belong to her three married daughters, the sole legatees of their deceased father at their mother's death.

This understanding was had in the hearing and presence of appellant, who, by word, neither approved nor disapproved of it at the time. The mother lived about four years afterwards and continued all the time to control and manage the property, selling, purchasing and hiring hands, etc.; appellant, though living with his wife on her old homestead, disclaimed any interest in the property or control over it, and would always direct persons to

his wife in transactions relative thereto, even of the most trivial character. After her death he summoned the legatees and heirs then residing near, to come and take possession of the property, as he had no interest in it, and did not wish to become responsible for it. He remained in possession, however, at the instance of the son-in-law and executor, who lived in Missouri; who wrote to him requesting this until his arrival from Missouri, and then surrendered all to him, all this time disowning any interest in the personalty and surrendering it to said executor; subsequently, however, at the executor's sale, he did put up claim and publicly forbade the sale, and appellee having purchased a horse and some other articles this suit was brought to recover the sum, and the jury having found against him the court so adjudged, which he asks to be reversed.

However, the rights of the surviving widow may have been to the increase and after acquired personalty subsequently to her husband's death, yet if by arrangement between her and her second husband he was to have no interest therein and he disavowed this all the time and surrendered it to the executor he could not afterwards set up title thereto, though as a general rule the law gives the title of the personalty of the wife at the time of marriage to the husband, it does not force him to take it, and if it is agreed between them that it is not to be his the law does not vest the title in him, and his conduct subsequently to the marriage is competent to establish this, and, however it might at the instance of the creditors be regarded as a mere sham and fraud to conceal it from them, yet when their rights are not involved but the suit is by the husband, he cannot set up a claim so wholly inconsistent with all his previous conduct.

Beside, though he did not expressly approve of the understanding between his wife and her son-in-law, yet he knew of it, acted on it, enjoyed the advantages of it, and together with her reaped the full consideration during her life, hence he is bound by it, as a contract upon valuable consideration.

The instructions, verdict and judgment not being inconsistent with these views, the judgment is *affirmed*.

*Major & Montgomery,* for appellant.

*Marshall,* for appellee.